IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| CURTIS SELZ,<br><br>Plaintiff,<br><br><br><br>vs.<br><br><br><br>INVESTOOLS, INC.,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT<br><br><br><br><br><br>Case No. 2:09-CV-1042 TS |

This matter is before the Court on Defendant's Motion for Summary Judgment. Plaintiff alleges Defendant violated the Fair Labor and Standards Act ("FLSA"). Plaintiff also seeks to state a collective action under the FLSA and represent other employees who are similarly situated. The certification issue is not addressed in this Order.

On March 8, 2010, the Court granted a stipulated motion allowing Plaintiff to amend his complaint, add two additional Plaintiffs Brandon Pack and Jennifer Davis, and dismiss Defendant TD Ameritrade. The Amended Complaint was filed on March 9, 2010. Neither Plaintiff nor Defendant address the applicability of this Motion to the newly named Plaintiffs. Thus, the Court will analyze the Motion as if there were only one plaintiff, Plaintiff Selz.

1

Defendant has recently filed a second Motion for Summary Judgment which raises new issues and addresses Plaintiffs Pack and Davis. Because that motion has not been fully briefed, it will not be addressed in this Order.

**I. Background**

Plaintiff was employed by Defendant as a Sales Representative between September 2005 and March 2009.[1] During his employment, Plaintiff was supposed to be paid on an hourly basis and collect overtime at a rate of time and one-half of his regular pay rate. The parties disagree on whether Defendant compensated Plaintiff correctly. This disagreement is irrelevant because, as admitted by Defendant, in November 2008, the United States Department of Labor ("DOL") conducted an investigation into overtime compensation paid to certain employees. The agency determined 87 of Defendant's employees were owed back wages under the FLSA for the period up to and including November 18, 2008. The DOL then determined the amount owed to each employee and prepared a Receipt for Payment of Lost or Denied Wages, Employment Benefits, or Other Compensation ("Receipt Form"), and issued the Receipt Form to all 87 employees. Attached to the Receipt Form was a check issued by Defendant to each employee for the amount owed as determined by the DOL. The Receipt Form also included the following notice:

> NOTICE TO EMPLOYEE UNDER THE FAIR LABOR STANDARDS ACT –
> Your acceptance of back wages due under the Fair Labor Standards Act means that you have given up any right you may have to bring suit for back wages under Section 16(b) of that Act. Section 16(b) provides that an employee may bring suit on his/her own behalf for unpaid minimum wages and/or overtime compensation and an equal amount as liquidated damages, plus attorneys' fees and court costs. The statute of limitations for Fair Labor Standards Act suits requires that a suit for

---

[1] First Amended Complaint, Docket No. 32 at 3.

unpaid minimum wages and/or overtime compensation must be filed within 2
years of a violation of the Act, except that a suit for a willful violation must be
filed within 3 years of the violation. Do not sign this receipt unless you actually
have received payment of all back wages due.[2]

Plaintiff was sent such a Receipt Form accompanied by a check, which he endorsed and deposited into his account on August 3, 2009.[3] Of the 87 employees who received a check and Receipt Form, 77 employees cashed their checks.[4]

## II. Standard of Review

Summary judgment is proper if the moving party can demonstrate that there is no genuine issue of material fact and it is entitled to judgment as a matter of law.[5] In considering whether genuine issues of material fact exist, the Court determines whether a reasonable jury could return a verdict for the nonmoving party in the face of all the evidence presented.[6] "When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials in his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial, if he does not so respond, summary judgment, if appropriate, shall be entered against

---

[2]Defendant's Memo. in Support, Docket No. 14, Ex. A at pg 38.

[3]*Id*. at 39.

[4]*Id*. at 5.

[5]*See* FED. R. CIV. P. 56(c).

[6]*See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *Clifton v. Craig*, 924 F.2d 182, 183 (10th Cir. 1991).

him."[7]

### III. Discussion

Plaintiff brings suit and seeks to recover under 29 U.S.C. § 216(b) which provides for an employees' right to sue an employer for violating sections 206 and 207 of the Fair Labor Standards Act, and the right to recover unpaid minimum wages, overtime compensation, and liquidated damages.[8] Section 216(b), however, simultaneously terminates this right upon the filing of a complaint by the Secretary of Labor in an action under section 217 to restrain further delay in the payment of unpaid minimum wages, or the amount of unpaid overtime compensation owed under sections 206 and 207.[9] Section 216(c) further limits this right by authorizing the Secretary to supervise the payment of the unpaid minimum wages or overtime.[10] Section 216(c) goes on to state that acceptance, by the employee, of such a "supervised" payment in full constitutes a waiver by the employee of any rights he may have had under subsection (b) to bring an action for violations.[11]

Defendant argues Plaintiff waived his right to recover when he endorsed and cashed the check sent to him by Defendant because such conduct constitutes acceptance of payment in settlement. Plaintiff argues that his mere cashing of the check sent to him by Defendant did not

---

[7] FED. R. CIV. P. 56(e)(2).

[8] 29 U.S.C. § 216(b).

[9] *Id.*

[10] 29 U.S.C. § 216(c).

[11] *Id.*

waive his FLSA claims for unpaid overtime compensation. Plaintiff also argues that summary judgment is inappropriate because his intent is unclear, and discovery is necessary to determine if he intended to waive future claims by endorsing the check.

Defendant relies on *Heavenridge v. Ace-Tex Corp.*,[12] an unpublished case from the Eastern District of Michigan, for the theory that endorsing a check sent to a plaintiff with a Receipt Form in a settlement supervised by the DOL, constituted a waiver of future claims under the FLSA even if the plaintiff failed to sign the Receipt Form.[13] In *Heavenridge*, the plaintiff worked for an employer investigated by the DOL.[14] The DOL found the employer had misclassified six employees, including the plaintiff, as exempt from overtime, and that the employer owed those employees back pay.[15] As part of the supervised settlement conducted by the DOL, the agency informed the employer of the amount owed to the plaintiff.[16] The employer cut a check to the plaintiff which was sent through the DOL to plaintiff with the Receipt Form.[17] The DOL then told the employer the canceled check would serve as a receipt.[18] A month later, the

---

[12] 1993 WL 603201 (E.D.MI. Sept. 3, 1993).

[13] *Id*. at *3. *Heavenridge* discusses almost all of the cases relied on and cited by Plaintiff.

[14] *Id*. at *1.

[15] *Id*.

[16] *Id*.

[17] *Id*. (The Receipt Form contains the same NOTICE TO EMPLOYEE as the form in this case.).

[18] *Id*.

5

plaintiff requested payment for overtime after the DOL investigation.[19] When the plaintiff picked up his last check, the employer gave him a release form and informed him the check was for all overtime resulting from the DOL investigation up to his resignation.[20] The plaintiff refused to sign the release form, but the employer gave him the check anyway.[21] The plaintiff then filed suit alleging violations of FLSA and requesting liquidated damages.

The employer argued that the plaintiff waived his right to sue for overtime payment for the period in which he had cashed the check provided to him pursuant to the DOL's supervised settlement. Before holding that the cashing of the check barred suit, the court discussed section 16(c) of the FLSA and relevant caselaw. After discussing a number of cases, most of which Plaintiff cites in support of his position, the court found that when an employee signs a receipt, or a check marked "payment in full as determined by the Department of Labor," it is an agreement to the settlement in accordance with section 16(c) and the employee may not then sue for back wages.[22] The *Heavenridge* court acknowledged that the Seventh Circuit has held "the mere cashing of a check does not constitute an 'agreement' to settle and thus waiver."[23] However, the court easily distinguished that case because the checks sent from the DOL to the employees on behalf of the employer did not contain a "full payment" nor did the receipts contain the waiver

---

[19]*Id*.

[20]*Id*. at *2.

[21]*Id*.

[22]*Id*. (citing *Sneed v. Sneed's Shipbuilding, Inc.*, 545 F.2d 537 (5th Cir. 1977); *Menache v. Interoceanic Corp.*, 6 A.D.2d 421, (N.Y.App.Div.)).

[23]*Id*. (quoting *Walton v. United Consumers Club, Inc.*, 786 F.2d 303, 305 (7th Cir. 1986)).

6

provision.[24] The court stated this was a deliberate move on the part of the DOL because they only included the waivers from suit when they thought "something close to full payment of wages and overtime" was being paid.[25]

Unlike *Walton*, the employee check in *Heavenridge*, as well as the one at issue in this case, were given to the DOL from the employer, the DOL forwarded the check to the employee with a receipt that stated, "Your acceptance of back wages due under the Fair Labor Standards Act means that you have given up any right you may have to bring suit . . ."[26] The employee in *Heavenridge* did not sign the receipt but did cash the check.

The court also rejected a claim that signature of the release form itself was required in order to effectuate the settlement because it found that "settlement was predicated on 'acceptance of back wages' not on 'release of all claims.'"[27] The court ultimately decided that it could infer from all of the circumstances, including the DOL's treatment of the cancelled check as a receipt, that the check was cashed with the understanding that cashing the check constituted a settlement agreement.[28]

Plaintiff relies on all of the cases cited, discussed and rejected by the *Heavenridge* court, in addition to a few others, for his position that endorsing the check was not a waiver. In *Dent v.*

---

[24]*Id*.

[25]*Id*.

[26]*Id*. at *3.

[27]*Id*.

[28]*Id*.

7

*Cox Communications*,[29] the plaintiff acknowledged that his acceptance of overtime compensation owed to him and paid through a DOL supervised settlement was a waiver of claims for the specific period under investigation by the DOL. His contention was that his acceptance did not waive claims for time periods not included in the settlement. The *Dent* court agreed. Plaintiff in this case, however, is not seeking payment for time periods other than the one investigated and handled by the DOL through the supervised settlement. Accordingly, *Dent* is inapposite.

Plaintiff quotes language from *Dent* to the effect that a valid waiver requires agreement to accept the amount tendered by the employer and that the employee receive payment in full of that amount.[30] Plaintiff argues that this statement requires that he be paid the full amount owed for waiver to be valid. The Court disagrees. First, as previously stated, the DOL only includes waivers, which it did in Plaintiff's case, when it believes that "something close to the full amount is being paid."[31] Second, the quote discusses payment in full of the amount offered by employer to employee, not necessarily the actual full amount owed. In this case, Plaintiff cashed the entire check, or the full amount offered to him, thereby according to his theory, the waiver was valid.

The *Dent* court also stated "[w]here notice is lacking, meaningful agreement-and thus valid waiver-cannot be found."[32] However, Plaintiff was provided with the same Receipt Form and Notice to Employees therein, that courts have found to constitute sufficient notice in support

---

[29]502 F.3d 1141 (9th Cir. 2007).

[30]Plaintiff's Memo. in Support, Docket No. 22, at 6; *see also Dent*, 502 F.3d at 1146.

[31]*Heavenridge*, 1993 WL 603201, at *2.

[32]*Dent*, 502 F.3d at 1146.

8

of a finding of waiver. This is not a situation where the check was sent without the Receipt Form or Notice to Employee provision.

Plaintiff also relies on *Niland v. Delta Recycling Corp.*,[33] for the proposition that federal courts "typically only hold" that an employee manifested his assent to waiver when the employee signed a release form putting the employee on notice of the waiver. *Niland* involved a "self-surrender" to the DOL upon discovery it might not have paid its employees proper overtime.[34] The employer and the DOL entered in an agreement. One of the terms of that agreement provided that the DOL would supervise the payment of back wages and, although the employer would not be allowed to use the DOL's standard WH-58 form entitled "Receipt for Payment of Back Wages," it would be permitted to use the waiver language contained in the form.[35] It was determined that the plaintiff was entitled to back wages and, accordingly, was sent a check with a letter and receipt indicating that acceptance constituted waiver of any legal claims.[36] The receipt itself included the waiver language from the DOL form.[37]

The *Niland* court initially explained the role of the DOL and section 216(c) in the following manner: "If an employee accepts the payments of back wages supervised by the DOL,

---

[33]377 F.3d 1244 (11th Cir. 2004).

[34]*Id*. at 1245-46.

[35]*Id*. at 1246.

[36]*Id*.

[37]*Id*.

9

the employee waives the right to bring suit for unpaid wages and liquidated damages."[38] The Eleventh Circuit focused on two issues: first, whether the DOL was adequately involved in the process to constitute supervision under section 216(c), and second, whether there was a waiver of rights. The court found the DOL was adequately involved, and therefore had "supervised" the back payment in accordance with the statute.[39] The court then held that because plaintiff accepted the back wages, he waived his rights to further suit. The Court finds no intimation in the facts of *Niland* or the *Niland* court's discussion referring specifically to a signed release form.[40] The *Niland* facts state clearly that plaintiff only "endorsed and cashed the check."[41]

     Plaintiff also argues that summary judgment is not appropriate because there are material key facts in dispute, such as his understanding of the Receipt Form and its legal ramifications. This is not a key material fact because it is irrelevant and unnecessary.[42] The undisputed facts are that Plaintiff received a check accompanied by the Receipt Form with its Notice to Employee and waiver language and that Plaintiff endorsed and cashed the check. Under the statute and supporting caselaw, the Court finds the act of endorsing and cashing the check cannot be anything other than a waiver as laid out in the Receipt Form.

---

[38]*Id*. at 1247.

[39]*Id*. at 1248.

[40]*Id*.

[41]*Id*. at 1246.

[42]*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

## IV. Conclusion

Based on the above, it is hereby

ORDERED that Defendant's Motion for Summary Judgment (Docket No. 13) against Plaintiff Selz is GRANTED. It is further

ORDERED that Plaintiff Selz is DISMISSED from this action.

DATED   April 8, 2010.

                              BY THE COURT:

                              _____
                              TED STEWART
                              United States District Judge