IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| BRANDON PACK AND JENNIFER DAVIS Individually and on Behalf of Other Similarly Situated,<br><br>    Plaintiffs,<br><br>vs.<br><br>INVESTOOLS, INC., a corporation,<br><br>    Defendant. | MEMORANDUM DECISION AND ORDER DENYING PLAINTIFFS' MOTION FOR CERTIFICATION OF AN INTERLOCUTORY APPEAL<br><br><br><br>Case No. 2:09-cv-1042- TS |

This matter is before the Court on Plaintiffs' Brandon Pack and Jennifer Davis's ("Plaintiffs") Motion to Certify Interlocutory Appeal to the Tenth Circuit Court of Appeals.[1] Plaintiffs seek immediate appeal under 28 U.S.C. § 1292(b) of this Court's January 27, 2011 Order Denying Defendant's Second Motion for Summary Judgment.[2] For the reasons discussed below, the Court will deny the Motion.

---

[1]Docket No. 85.

[2]Docket No. 84.

1

## I. LEGAL STANDARD

28 U.S.C. § 1292(b) states in part:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order...

Therefore, "[u]nder [§] 1292(b), appellate review is proper where there is '(1) a controlling question of law (2) as to which there is substantial ground for difference of opinion and [where] (3) an immediate appeal from the order may materially advance the ultimate termination of the litigation.'"[3]

This Court previously noted that § 1292(b) is meant to be used sparingly and interlocutory appeals under this section are rare.[4] Also, the Tenth Circuit has held that the requirement of district court certification is imperative "as a procedural screen to avoid a flood of fruitless petitions invoked contrary to the purpose of § 1292(b)."[5] For this reason, some courts have held that district courts possess "unlimited authority to decide whether to certify an order for interlocutory appeal even where the three statutory requirements are met."[6]

---

[3] *In re Paige*, 2008 WL 1994905, at *1 (D. Utah May 8, 2008) (quoting *Columbia Cas. Co. v. Markus*, 2006 WL 2591091, at *3 (D. Utah Sep. 7, 2006)).

[4] *United States v. $85,688.00*, 2010 WL 4791440, at *1 (D. Utah Nov. 18, 2010) (citing *Comacho v. P.R. Ports Auth.*, 369 F.3d 570, 573 (1st Cir. 2004)).

[5] *State of Utah, By and Through the Utah State Dept. of Health v. Kennecott Corp.*, 14 F.3d 1489, 1495 (10th Cir. 1994).

[6] *Nat'l Asbestos Workers Med. Fund v. Philip Morris, Inc.*, 71 F. Supp. 2d 139, 164 (E.D. N.Y. 1999) (citing *Klinghoffer v. S.N.C. Achille Lauro*, 921 F.2d 21, 25 (2d Cir. 1990)).

Lastly, "[e]ven when all of [the above] factors are present, the court of appeals has discretion to turn down a § 1292(b) appeal."[7] Indeed, the Eleventh Circuit has persuasively held that "[b]ecause permitting piecemeal appeals is bad policy, permitting liberal use of § 1292(b) interlocutory appeals is bad policy."[8]

## II. DISCUSSION

For Plaintiffs' Motion for Certification of an Interlocutory Appeal to be granted, this Court would be required to revisit its previous Order Denying Defendant's Second Motion for Summary Judgment. The Court must determine, as required by § 1292(b): (1) whether the order from which the appeal is to be taken involves a controlling question of law; (2) whether, as to that question there is substantial ground for difference of opinion; and (3) whether an immediate appeal from the order may materially advance the ultimate termination of the litigation.

### A. QUESTION OF LAW

Plaintiffs assert that the determination of whether Defendant is a retail or service establishment under the FLSA is a controlling question of law for purposes of § 1292(b).

"Under § 1292(b), a 'controlling issue of law is one that would require reversal if decided incorrectly or that could materially affect the course of litigation with resulting savings of the court's or the parties' resources.'"[9] However, "[t]he term 'question of law' does not mean the application of settled law to fact."[10] As other courts have indicated, "[t]he antithesis of a proper

---

[7]*McFarlin v. Conseco Servs., LLC*, 381 F.3d 1251, 1259 (11th Cir. 2004).

[8]*Id.*

[9]*APCC Servs., Inc. v. Sprint Commc'ns. Co., L.P.*, 297 F. Supp. 2d 90, 95-96 (D. D.C. 2003) (citing *Judicial Watch, Inc. v. Nat'l Energy Policy Dev. Grp.*, 233 F. Supp. 2d 16, 19 (D. D.C. 2002)).

[10]*McFarlin*, 381 F.3d at 1258 (citing *Ahrenholz v. Bd. of Trs. of the Univ. of Ill.*, 219 F.3d 674, 676 (7th Cir. 2000)).

1292(b) appeal is one that turns on . . . whether the district court properly applied settled law to the facts or evidence of a particular case."[11]

In the present case, the retail establishment finding does have a material effect on this litigation. As Plaintiffs properly assert, "[t]his issue clearly has a material effect on this litigation since it abrogates Plaintiffs' claims for unpaid wages for the majority of workweeks involved in this litigation."[12] However, Defendant is also correct that "this Court ruled that [Defendant's] Call Center was a retail establishment based on its application of the law to the undisputed material facts in the record."[13] Thus, while the issue in question is controlling, it is not an issue of law.

The Court finds that the order from which the appeal is to be taken does not involve a controlling question of law because Plaintiffs do not dispute whether the correct rule of law was applied, rather they dispute the conclusion drawn by this Court on applying the law to the facts of the case. For this reason, the Court will deny the petition.[14]

B.  DIFFERENCE OF OPINION

Plaintiffs assert that there is a difference of opinion among courts as to the determination of whether a department similar to Defendant's Call Center is a separate retail establishment.

---

[11]*Id.* at 1259.

[12]Docket No. 86, at 3.

[13]Docket No. 91, at 4.

[14]*See McFarlin*, 381 F.3d at 1258 (citing *Amos v. Glynn County Board of Tax Assessors*, 347 F.3d 1249, 1254 (11th Cir. 2003) (Appeals court denied county's § 1292(b) petition to appeal from district court's denial of a motion to dismiss a constitutional challenge because the determination of whether the legal process of the state was "plain, speedy, and efficient," which could determine the district court's jurisdiction and dispose of the case, was too fact-intensive an inquiry for interlocutory review.)).

As stated above, "appellate review is appropriate where there is '(1) a controlling issue of law (2) as to which there is substantial ground for difference of opinion.'"[15]

The success of this element is dependent upon the Court finding that there is a controlling issue of law. The cases cited by Plaintiffs demonstrate instead that different courts have reached different results by applying the same rule of law to different factual scenarios.[16] Highlighting other courts' application of the same law to different facts does not create a substantial ground for difference of opinion.

The different results cited by Plaintiffs resulted from the application of different facts to the same or similar rule of law and thus do not demonstrate a substantial difference of opinion as to an issue of law as required under § 1292(b).

   C.   MATERIALLY ADVANCE LITIGATION

For the Court to grant an interlocutory appeal it must believe that an immediate appeal from the order may materially advance the ultimate termination of the litigation. "A primary purpose of §1292(b) is to provide an opportunity to review an order when an immediate appeal would materially advance the ultimate termination of the litigation."[17]

Plaintiffs argue that whether the Call Center is a separate establishment "clearly has a material effect on this litigation since it abrogates Plaintiffs' claims for unpaid wages for the majority of workweeks involved in this litigation."[18] Moreover, Plaintiffs persuasively argue that if the Court's finding is later reversed, a second trial may be necessary and the work of creating a week-by-week analysis and proof would be rendered moot.

---

[15]*In re Paige*, 2008 WL 1994905, at *1 (citing *Columbia Cas. Co. v. Markus*, 2006 WL 2591091, at *3).

[16]See Docket No. 86, at 3-5

[17]*State of Utah, By and Through the Utah State Dept. of Health*, 14 F.3d at 1495.

[18]Docket No. 86, at 3.

An appeal of this issue may materially advance the ultimate termination of the litigation in that it could prevent a second trial on the merits should the court of appeals reverse this Court's finding. Yet, "[t]he requirement of district court certification is equally imperative [] as a procedural screen to avoid a flood of fruitless petitions invoked contrary to the purpose of § 1292(b)."[19] Thus, even if an interlocutory appeal would materially advance the termination of the litigation, the Court may deny certification if it is contrary to the purpose of § 1292(b).

In the present case, Plaintiffs have failed to demonstrate that this appeal involves a controlling issue of law on which there is a substantial difference of opinion. An interlocutory appeal of this issue, though it may materially advance the termination of the litigation, would be contrary to the purposes of § 1292(b). This Court will not set a precedent that subjects all motions for summary judgment to an interlocutory appeal irregardless of whether such are contrary to the purpose of § 1292(b).

III. CONCLUSION

It is therefore

ORDERED that Plaintiffs' Motion for Certification of an Interlocutory Appeal to the Tenth Circuit Court of Appeals (Docket No. 85) is DENIED. The hearing set for Thursday, June 9, 2011 is STRICKEN.

DATED  June 1, 2011.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[19] *Id.*