IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| BRANDON PACK and JENNIFER DAVIS, Individually and on Behalf of Other Similarly Situated,<br><br>Plaintiffs,<br><br>vs.<br><br>INVESTOOLS, INC., a corporation,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFFS' MOTION FOR CERTIFICATION<br><br><br><br>Case No. 2:09-cv-1042 TS |

This matter is before the Court on Plaintiffs Brandon Pack and Jennifer Davis's ("Plaintiffs") Motion for Class Certification Pursuant to 29 U.S.C. § 216(b) ("§ 216(b)") and Authorization to Send Notice (collectively "Motion for Certification").[1]  For the reasons discussed more fully below, the Court will grant Plaintiffs' Motion.

I.  BACKGROUND

Investools, Inc. ("Investools") markets products and services which educate and aid individuals in personally investing in exchange markets online.  Plaintiffs were employed as Sales Representatives for Investools at a call center in Draper, Utah.  As such, they made and

---

[1]Docket No. 33.

1

received telephone calls and sold various Investools products over the telephone to consumers. As Sales Representatives, Plaintiffs were compensated solely in commissions.[2]

The parties agree that, on average, Plaintiffs worked more than forty hours per week. However, it is not clear how many hours per week Plaintiffs worked. Plaintiffs claim they were told by management to only report forty-hour work weeks on their time cards. In November 2008, the United States Department of Labor ("DOL") conducted an investigation into overtime compensation paid to certain Investools employees and determined that 87 of Investools' employees were owed back wages under the Fair Labor Standards Act ("FLSA"). The DOL negotiated a settlement on behalf of many of those employees.

Plaintiffs initiated this action on March 9, 2010, alleging that Investools failed to pay the named Plaintiffs, and all other persons similarly situated, in accordance with the requirements of the FLSA. Shortly thereafter, on March 11, 2010, Plaintiffs filed their Motion for Certification, seeking the Court's conditional approval of the class and authorization to send notice to potential putative class members. Meanwhile, on April 5, 2010, Investools filed a second motion for summary judgment. The parties filed, and the Court granted, a Joint Stipulation and Motion to Stay the Court's Ruling on Plaintiff's Motion for Certification,[3] pending resolution of Investools' Second Motion for Summary Judgment.

---

[2]Plaintiff Brandon Pack received other compensation while employed in another department, but only received commissions while employed as a Sales Representative.

[3]Docket No. 49.

In deciding Investools' Second Motion for Summary Judgment, the Court determined whether Investools qualified for the 29 U.S.C. § 207(i) exception to the Fair Labor Standards Act ("FLSA"). Section 207(i) states in relevant part:

> No employer shall be deemed to have violated [the overtime provisions] of this section by employing any employee of a retail or service establishment for a workweek in excess of the applicable workweek specified herein, if (1) the regular rate of pay of such employee is in of one and one-half times the minimum hourly rate applicable to him under the [minimum wage section] of this title, and (2) more than half his compensation for a representative period (not less than one month) represents commissions on goods or services.

The Court determined that Investools is a "retail establishment" under the FLSA, and that material disputes of fact exist as to the wages earned by Plaintiffs. Consequently, the Court instructed that a jury should determine the factual questions regarding wages. As a result of this finding, Plaintiffs may now only recover for the weeks in which they worked more than 40 hours and where their total compensation did not amount to at least 1.5 times minimum wage for the excess hours worked.

Meanwhile, the parties also engaged in discovery-related exchanges. At Plaintiffs' request, Investools produced over 8,874 documents and responded to Plaintiffs' first set of interrogatories and requests for admission.

## II. DISCUSSION

The FLSA requires employers to pay those who work more than forty hours in a work-week at overtime rates.[4] Section 216(b) of the FLSA creates a cause of action for employees against employers violating the compensation requirements of the FLSA. Section 216(b) provides:

---

[4] 29 U.S.C. §§ 206, 207.

> An action . . . may be maintained . . . by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

Thus, pursuant to § 216(b), plaintiffs who are "similarly situated" may opt-in to an action by affirmatively notifying the court of their intention to become parties to the suit.

"Unfortunately, neither the FLSA nor its implementing regulations define or provide guidance on the meaning of the term 'similarly situated.'"[5] The Tenth Circuit, in *Thiessen v. General Electric Capital Corporation*,[6] reviewed the tests that federal courts have generally applied in determining whether plaintiffs are similarly situated under § 216(b). The Court identified three tests: (1) an ad hoc case-by-case approach, where the court employs a two stage analysis to certification; (2) an approach that mirrors the requirements of Rule 23 class certification; and (3) an approach that incorporates the requirements of the pre-1966 Rule 23 for "spurious" class actions.[7]

The *Thiessen* Court further stated, "[a]rguably, the [ad hoc] approach is the best of the three approaches outlined because it is not tied to the Rule 23 standards."[8] The Court reasoned that "Congress clearly chose not to have the Rule 23 standards apply . . . and instead adopted the

---

[5]*Howard v. Securitas Sec. Servs., USA Inc.*, 2009 WL 140126, at *1 (N.D. Ill. Jan. 20, 2009).

[6]267 F.3d 1095 (10th Cir. 2001).

[7]*Id*. at 1102.

[8]*Id*. at 1105.

'similarly situated' standard," thus, "simply incorporating the requirements of Rule 23 (either the current version or the pre 1966 version) would effectively ignore Congress' directive."[9]

"In utilizing [the ad hoc] approach, a court typically makes an initial 'notice stage' determination of whether plaintiffs are 'similarly situated.'"[10] At this early stage, "a court 'require[s] nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy, or plan.'"[11] Then, "[a]t the conclusion of discovery (often prompted by a motion to decertify), the court [] makes a second determination, utilizing a stricter standard for similarly situated."[12]

A.    CERTIFICATION STANDARD

The threshold issue before the Court is which standard for certification applies. Investools argues that "[g]iven the unusual procedural and substantive posture of this case, the typical two-stage approach for certification approval described in *Thiessen* should be modified by this Court when considering Plaintiffs' [M]otion."[13]

---

[9]*Id*.

[10]*Id*. at 1102 (quoting *Vaszlavik v. Storage Tech. Corp.*, 175 F.R.D. 672, 678 (D. Colo. 1997)).

[11]*Id*. (quoting *Bayles v. Am. Med. Response of Colo., Inc.*, 950 F. Supp. 1053, 1066 (D. Colo. 1996)).

[12]*Id.* at 1102-03.

[13]Docket 103, at 2.

Other federal courts have modified the ad hoc approach where significant discovery has been completed.[14] Such courts adopt the reasoning that "[t]he rationale for the 'fairly lenient standard' is that at the early stages of litigation, plaintiffs have not had time to conduct discovery and marshal their best evidence." Thus, "[t]he rational disappears [] once plaintiffs have had an opportunity to conduct discovery with respect to defendant's policies and procedures."[15]

This Court finds more persuasive, however, the reasoning of *Gieseke v. First Horizon Home Loan Corporation*,[16] a recent case that considered the same arguments. In that case, the court found that bypassing the first stage of certification under the ad hoc approach was inappropriate even though the parties had engaged in discovery; taken multiple depositions; and, on the part of the defendant, produced almost 6,000 documents.[17] Similarly, in the instant action, Investools alleges that the Court should apply the second stage analysis because "the parties have already engaged in extensive discovery," including Investools providing over 8,874 documents and responding to Plaintiffs' first set of interrogatories and requests for admission.[18] Further, in

---

[14]*Morisky v. Pub. Serv. Elec. & Gas Co.*, 111 F. Supp. 2d 493, 497-98 (D. N.J. 2000) (applying stricter standard where over one hundred plaintiffs has opted in and discovery was complete).

[15]*Davis v. Chareon Pokphand (USA), Inc.*, 303 F. Supp. 2d 1272, 1276 (M.D. Ala. 2004); *see also Holt v. Rite Aid Corp.*, 333 F. Supp. 2d 1265, 1274-75 (M.D. Ala. 2004) (stating that where parties presented extensive evidence to the court, a careful consideration of the evidence was warranted); *Ray v. Motel 6 Operating, Ltd. P'ship*, 1996 WL 938231, at *4 (D. Minn. Mar. 18, 1996) (declining to apply notice stage standard because the facts before the court were extensive and discovery was unnecessary).

[16]408 F. Supp. 2d 1164 (D. Kan. 2006).

[17]*Id*. at 1166-67.

[18]Docket 103, at 1-2.

*Gieseke* and this action, "the Report of Parties' Planning Meeting and Scheduling Order both contemplate that the case will proceed pursuant to the two-step approach."[19]

Moreover, the Court finds that following both steps of the ad hoc approach, as explained in *Thiessen*, will result in the least risk of prejudice to the parties. "[S]hould the court bypass tier one entirely, some potential plaintiffs might not become aware of the lawsuit and would not have an opportunity to join the suit."[20] This could result in significant prejudice to potential members of Plaintiffs' class. Investools, by contrast, will suffer little prejudice from the Court allowing conditional certification, as it will still be free to move for decertification at the close of discovery.

The Court will apply the notice stage test for conditional certification. "It is true that courts sometimes bypass the first stage when discovery has been completed . . . [b]ut even accepting that leapfrogging necessary steps is proper, the [C]ourt believes that such an approach is inappropriate in this case."[21]

B.  NOTICE STAGE TEST

The standard for conditional certification "requires nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy,

---

[19]*Gieseke*, 408 F. Supp. 2d at 1167.

[20]*Leuthold v. Destination Am., Inc.*, 224 F.R.D. 462, 468 (N.D. Cal. 2004) (citing *Reab v. Elec. Arts, Inc.*, 214 F.R.D. 623, 628 (D. Colo. 2002) (rejecting request to skip notice stage inquiry because discovery was ongoing and because scheduling order "characterizes the pending motion as a motion for conditional class certification")).

[21]*Id.*

7

or plan."[22] Plaintiffs have substantially alleged that the potential putative class members are the victims of a single decision, policy, or plan that violated the requirements of FLSA. Thus, the Court will conditionally certify the class.

C.     NOTICE

The United States Supreme Court, in *Hoffman-La Roche v. Sperling*, clarified that under § 216(b) district courts have discretion in deciding whether to order notice to potential plaintiffs.[23] The *Hoffman* court explained that "[b]y monitoring preparation and distribution of the notice, a court can ensure that it is timely, accurate, and informative. Both the parties and the court benefit from settling disputes about the content of the notice before it is distributed."[24]

Here, more than a year has passed since Plaintiffs filed their proposed notice with the Court. Since that time, the issues in the case have been significantly limited. Moreover, Investools argues in its Combined Memorandum in Opposition to Plaintiffs' Motion for Class Certification that "the notice Plaintiffs seek to have this Court authorize is one-sided and prejudicial and violates the principles of neutrality and accuracy."[25]

Because the issues of the case have been narrowed since the filing of Plaintiffs' proposed notice, the Court will require that Plaintiffs file a supplemental proposed notice for approval with the Court.

---

[22]*Thiessen,* 267 F.3d at 1102.

[23]*See* 493 U.S. 165, 170-72 (1989).

[24]*Id*. at 172.

[25]Docket No. 42, at ii.

8

## III.  CONCLUSION

For the foregoing reasons, the Court finds that Plaintiffs have met their burden under the first stage of the ad hoc approach for conditional certification.  It is therefore

ORDERED that Plaintiffs' Motion for Class Certification Pursuant to 29 U.S.C. § 216(b) and Authorization to Send Notice (Docket No. 33) is GRANTED.  It is further

ORDERED that Plaintiffs submit a supplemental notice for approval with the Court within twenty (20) days of this order.  Investools will then have ten (10) days from the date of filing of Plaintiffs' supplemental notice to submit a response.

DATED  August 18, 2011.

BY THE COURT:

_____
TED STEWART
United States District Judge