IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| BRANDON PACK AND JENNIFER DAVIS Individually and on Behalf of Others Similarly Situated, Plaintiffs, | MEMORANDUM DECISION AND ORDER ON PLAINTIFFS' PROPOSED NOTICE |
| vs. | |
| INVESTOOLS, INC., a corporation, Defendant. | Case No. 2:09-CV-1042 TS |

This matter is before the Court on Plaintiffs' Submission of Revised Notice of Collection [sic] Action Under the FLSA.[1]  Plaintiffs ask the Court to approve the notice it proposes to send to potential members of the conditionally certified class. Defendant has filed objections and a proposed notice of its own,[2] and Plaintiffs have responded.[3]  The Court is now asked to rule on the propriety of Plaintiffs' proposed notice.

---

[1]Docket No. 113.

[2]Docket No. 116.

[3]Docket No. 118.

1

I.  DISCUSSION

It is proper, if not necessary, for a district court to intervene in the collective action notice process.[4]  "Although the collective form of action is designed to serve important . . . function[s]," it also presents opportunity for misuse "as by misleading communications."[5]  This potential "may be countered by court-authorized notice."[6]  "By monitoring preparation and distribution of the notice, a court can ensure that it is timely, accurate, and informative."[7]  However, in exercising its discretion, a district court "must be scrupulous with respect to judicial neutrality.  To that end, trial courts must take care to avoid even the appearance of judicial endorsement of the merits of the action."[8]

Defendant has objected to several aspects of Plaintiffs' notice, either on the grounds that it is inaccurate or not neutral.  Specifically, Defendant objects to (1) Plaintiffs' use of the words "class action"; (2) words indicating that the notice is from or approved by the Court; (3) the description of who is eligible to join the suit, including the description of the relevant time period during which recipients must have worked; (4) the use of the phrase "right to join," which purportedly implies that all who receive the notice will have a "right" to join the suit; (5) Plaintiffs' description of the lawsuit; (6) language about the illegality of retaliation against employees still working for Defendant; (7) failure to explain the potential obligations of any

---

[4]*Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165, 170 (1989).

[5]*Id.* at 171.

[6]*Id.*

[7]*Id.* at 172.

[8]*Id.* at 174.

recipients who opt-in; (8) words requesting that recipients not contact Defendant's counsel, and the exclusion of contact information for Defendant's counsel; and (9) the statement that all of the recipient's communications to counsel will be confidential.  Each objection will be dealt with in turn.

A.     USE OF THE WORDS "CLASS ACTION"

Defendant asserts that Plaintiffs' reference to "class" as opposed to "collective" action is "misleading and confusing."  Defendant cites *Bifulco v. Mortgage Zone, Inc.*[9] as authority for this proposition.  *Bifulco* held that only the words "collective action" should be used to described an FLSA collective action and that the "use of the word 'class' is misleading to the layperson."[10] The Court disagrees.  Though collective actions and Rule 23 class actions are not analogues, the Court does not find their differences so relevant to the layperson that he or she would be materially misled by the words "class action" in a collective action notice.  If anything, it seems unlikely that the layperson is aware of the distinction between the two.  Furthermore, while an FLSA collective action is not a "'true Rule 23 class action . . . many courts and commentators . . . have used the vernacular of the Rule 23 class action for simplification and ease of understanding when discussing representative cases brought [under] . . . the FLSA."[11]  If in concept the two are sufficiently similar to allow courts and commentators, who presumably are more familiar with

---

[9]262 F.R.D. 209 (E.D.N.Y. 2009).

[10]*Id.* at 216.

[11]*Thiessen v. Gen. Elec. Capital Corp.*, 267 F.3d 1095, 1102 n.3 (10th Cir. 2001) (quoting *Kelley v. Alamo*, 964 F.2d 747, 747 n.1 (8th Cir. 1992)).

any difference between class and collective actions, to use the language of one to discuss the other, the Court doubts that the same practice will be dangerous for the layperson.

B.      APPARENT ENDORSEMENT BY THE COURT

Defendant objects to the following two phrases used in the notice: (1) "This Notice has been Authorized by the U.S. District Court for the District of Utah"[12]; and (2) "This Notice and Its Contents have been Authorized by the Federal District Court, Hon. Ted Stewart U.S. District Judge."[13]  Defendant also objects to the "from" line at the top of the notice reading "From: The United States District Court for the District of Utah (Hon. Ted Stewart, District Court Judge)."[14] Defendant argues that these phrases violate judicial neutrality, and make it seem as though the notice will come from the Court rather than Plaintiffs.

The Court does not agree that the use of the words "authorized by the U.S. District Court for the District of Utah" violates judicial neutrality.  The Court notes that it has approved similar language in the past.[15]  By including such language, the notice indicates that its contents have been reviewed and approved as accurate.  It assures recipients that all information contained therein is trustworthy.  As long as the notice also indicates that no opinion is given as to the

---

[12]Docket 113 Ex. 1, at 1.

[13]*Id.* at 3.

[14]*Id.* at 1.

[15]*Sweat v. Battelle Mem'l Inst.*, 2:07-CV-401, Docket No. 78 Ex. A, at 2 (approved by Docket No. 79) ("This Notice and its Contents Have Been Authorized by the U.S. District Court for the District of Utah"); *Land v. EG&G Def. Materia*, 2:04-CV-479, Docket No. 223 Ex. B (approving the same language).

merits of the case, affixing the name of the Court respects neutrality and accurately represents the Court's role in the notice process.

Plaintiff will be permitted to use such language as has previously been approved.  Thus Plaintiff is directed to amend its notice slightly to read "This Notice and its Contents Have Been Authorized by the U.S. District Court for the District of Utah."  Plaintiff is permitted to affix this statement at both the top and bottom of its notice.

The Court finds, however, that the "from" line indicating that the notice is sent by the Court is not necessary, potentially deceiving, and may endanger judicial neutrality.  The Court is not sending this notice, it is merely reviewing its contents for accuracy.  Furthermore, indicating that the notice is from a federal judge may mislead recipients into thinking that the Court is trying to notify them of the suit, and, by extension, encouraging them to join.  Accordingly, Plaintiffs are instructed to either remove the "from" line or modify it to indicate that the notice comes from Plaintiffs' counsel.

C.    DESCRIPTION OF ELIGIBLE PARTICIPANTS

Plaintiffs' heading states that the notice is directed to "All Educational Counselors/Sales Representatives, and other similar employees who were paid solely on a commission basis, employed by Investools, Inc. . . . on or after March 27, 2011."[16]  Elsewhere, Plaintiffs define as eligible "[a]ll persons who are or have been employed by Investools as Sales Representatives, Sales Associates, Educational Counselors, or with similar title, who are or were paid solely on commission basis, at any time within three years prior to filing of this action through the final

---

[16]Docket No. 113 Ex. 1, at 1.

disposition of this case."[17]  Defendant contends that the only eligible participants are those that were Educational Counselors, that the description should include language restricting eligibility to those Educational Counselors who were not paid 1.5 times the minimum wage for hours worked above 40 hours a week, and that the relevant time period is misstated in the notice.

In its order granting Plaintiffs' request for conditional certification, the Court did not announce a definition of the conditionally certified class.  Plaintiffs submitted a proposed definition in its memorandum in support of their motion.[18]  That definition is precisely the definition used in the proposed notice.  "The standard for conditional certification 'requires nothing more than substantial allegations that the putative class members were together victims of a single decision, policy, or plan.'"[19]  Thus, the key consideration in deciding who is eligible is determining who was subject to the decision, policy, or plan that prevented Plaintiffs from receiving 1.5 times minimum wage for overtime work when paid solely on a commission basis. Whatever internal titles were used to define these employees is not legally significant, though the titles may be a helpful indicator to recipients.  Should discovery reveal that any consenting members of the conditionally certified class are not similarly situated to the named plaintiffs, *i.e.* were not subject to the same decision, policy, or plan that prevented Plaintiffs from receiving overtime compensation, Defendants are free to "move for decertification at the close of discovery."[20]

---

[17]*Id.* at 2.

[18]Docket No. 34, at 3.

[19]Docket No. 110, at 7-8 (quoting *Thiessen*, 267 F.3d at 1102).

[20]*Id.* at 7.

Accordingly, the Court finds that Plaintiffs' description of eligible participants is permitted to use the words "Sales Representatives, Sales Associates, Educational Counselors, or others with some similar title."

However, the Court does agree that the description is lacking in that it does not notify recipients that only those who worked overtime and were not compensated at 1.5 times the minimum wage are eligible to join. Accordingly, Plaintiffs are instructed to include such language.

Finally, Plaintiffs' proposed notice states that the relevant time period is three years prior to the filing of the suit. Defendant objects on the grounds that this is an incorrect calculation. In their response, Plaintiffs agreed that the time period was miscalculated. The Court agrees that the statute of limitations is measured from the date a consent form is filed. Thus Plaintiffs are instructed to indicate that recipients can join the suit if they were employed at any time within the three years and nine months prior to the date on which they sign their consent to join the lawsuit.

D.     USE OF THE WORDS "RIGHT TO JOIN"

Defendant objects to Plaintiffs' use of the words "right to join" in the subject heading of the notice because, Defendant contends, the language would imply to all who receive it that they are entitled to join the lawsuit, and will raise potentially unjustified hopes of a financial recovery. The Court agrees. Not all those who receive the notice will have a "right" to join the lawsuit. However, it is also not satisfactory for the subject line to merely inform the recipient that the notice is regarding "the Fair Labor Standards Act ("FLSA") Lawsuit Filed Against Investools" as Defendant proposes.[21] The purpose of the notice is not just to inform recipients that a lawsuit is

_____

[21]Docket No. 116, at 5.

commencing, but to invite their participation.  In the past, notices approved by this Court have used the words "RE: your participation in a lawsuit" rather than "your right to join the lawsuit."[22] Accordingly, the Court instructs Plaintiff to use the following subject line: "Re: Your Participation in a Lawsuit Seeking to Recover Unpaid Overtime Wages under the Fair Labor Standards Act."

E.      DESCRIPTION OF THE LAWSUIT

Defendant objects to Plaintiffs' description of the lawsuit as confusing, and proposes a substitute description.  Plaintiffs stipulate to this description in their reply.  Upon review, the Court finds that Defendant's proposed description is accurate and neutral.  Accordingly, the Court instructs Plaintiffs to replace their description with Defendant's proposed description.

F.      RETALIATION LANGUAGE

Plaintiffs include the following language in their notice: "Federal law prohibits employers from retaliating or discriminating against you in any way if you choose to take part in this lawsuit.  If you are still employed by Investools, your decision about whether or not to join this lawsuit will not affect your employment in any way."[23]  Defendant objects only to the second sentence because the language is "both unnecessary and unclear."  The Court disagrees.  The language is helpful in that it helps employees apply the cited law to their own situation, and does so clearly.  Accordingly, Plaintiffs are permitted to retain the second sentence.

---

[22]*Sweat*, 2:07-CV-401, Docket No. 78 Ex. A, at 2 (approved by Docket No. 79);  *Land*, 2:04-CV-479, Docket No. 223 Ex. B.

[23]Docket No. 113 Ex. 1, at 3.

G.      FAILURE TO EXPLAIN OBLIGATIONS

Defendant requests that recipients be notified of potential obligations inherent in joining the suit.  Defendant proposes the following language, to which Plaintiffs do not object: "While this lawsuit is pending, individuals who opt in may be required to provide information or documents, appear for a deposition, testify at trial or otherwise participate in this action."[24]  The Court finds that this information will be helpful to recipients deciding whether to participate in the suit and therefore instructs Plaintiffs to include Defendant's proposed language.

H.      REQUEST NOT TO CONTACT COUNSEL

Defendant objects to the language in the notice that asks recipients not to contact Defendant's counsel.  The Court has previously allowed such language and will do so here.[25]

Defendant also asks that their contact information be provided.  The Court cannot see a need for the inclusion of such information, especially when the notice instructs recipients not to contact Defendant's counsel.  Accordingly, the notice need not include Defendant's contact information.

I.       CONFIDENTIALITY OF COMMUNICATIONS

Defendant objects to Plaintiffs' statement that "[a]ll your communications with the Plaintiffs' counsel will be kept strictly confidential."[26]  Defendant contends that only those communications protected by the attorney-client privilege will be confidential.  Though this

---

[24]Docket No. 116, at 9.

[25]*Sweat*, 2:07-CV-401, Docket No. 78 Ex. A, at 2 (approved by Docket No. 79);  *Land*, 2:04-CV-479, Docket No. 223 Ex. B.

[26]Docket No. 113 Ex. 1, at 3.

seems fairly obvious, the Court directs Plaintiffs to include such language as is necessary to explain to recipients that only those communications protected by the scope of the attorney client privilege will be kept confidential.

## II. CONCLUSION

In light of the foregoing, it is therefore

ORDERED that Plaintiffs amend their notice consistent with this opinion.  Plaintiffs are instructed to send a revised copy of the notice to Defendant within 10 days.  Defendant may file further objections with the Court within 14 days of receipt of the revised notice.  If no objections are made, the Court will instruct Plaintiff to send the notice out in an order issued at the conclusion of the 14 days.

DATED   November 3, 2011.


BY THE COURT:


_____
TED STEWART
United States District Judge